IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ERIC L. CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV1119 |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Eric Clay ("Plaintiff"), proceeding *pro se*, brought this action pursuant to Section

205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of

a final decision of the Commissioner of Social Security denying his claim for Disability Insurance

Benefits under Title II of the Social Security Act (the "Act"). The parties have filed cross-

motions for judgment, and the administrative record has been certified to the Court for review.

I.      PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits ("DIB") in 2009, alleging

a disability onset date of March 17, 2009. (Tr. 133-34)[2] His application was denied initially (Tr.

at 77-80, 49-60) and upon reconsideration (Tr. at 81-84, 61-72). Thereafter, Plaintiff requested

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. #7].

a hearing de novo before an Administrative Law Judge ("ALJ"). (See Tr. at 85-92.) Plaintiff, his attorney, and an impartial vocational expert attended the subsequent hearing on November 19, 2010. (Tr. at 10.) Following this proceeding, the ALJ determined that Plaintiff was not disabled within the meaning of the Act (Tr. at 23) and, on September 5, 2012, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 1-5).

In rendering his disability determination, the ALJ made the following findings later adopted by the Commissioner:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 30, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since March 17, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: post-traumatic stress disorder (PTSD), bipolar II disorder, chronic headaches, unspecified derangement of the knee, and right trigger finger (20 CFR 404.1520(c)).
> . . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
> . . . .
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a reduced range of light work as defined in 20 CFR 404.1567(b). The claimant can sit for up to two hours and walk or stand for up to six hours in an eight-hour workday, using a cane to ambulate. The claimant cannot squat or kneel. The claimant can use his right hand for tasks on a frequent, but not continuous, basis. The claimant can perform simple, routine, repetitive tasks and meet the mental demands of "unskilled" work in an environment with limited public contact.

(Tr. at 12-16.)

Based on the VE's testimony, the ALJ found that Plaintiff was unable to return to any of his past relevant work. (Tr. at 21.) However, considering Plaintiff's age and education, along with the above findings regarding Plaintiff's work experience and residual functional capacity ("RFC"), the ALJ ultimately determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. at 22) (citing 20 C.F.R. §§ 404.1569 and 404.1569a). Accordingly, he determined that Plaintiff was not under a "disability," as defined in the Act, from his alleged onset date of March 17, 2009 through the date of the decision. (Tr. at 22.)

## II.   LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, the scope of review of such a decision is "extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is

evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[3]

---

[3] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program (SSDI), established by Title II of the Act as amended, 42 U.S.C. § 401 et seq., provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program (SSI), established by Title XVI of the Act as amended, 42 U.S.C. § 1381 et seq., provides benefits to indigent disabled persons. The statutory definitions and the regulations promulgated by the Secretary for determining disability, see 20 C.F.R. pt. 404 (SSDI); 20 C.F.R. pt. 416 (SSI), governing these two programs are, in all aspects relevant here, substantively identical. " Craig, 76 F.3d at 589 n.1.

"The Commissioner uses a five-step process to evaluate disability claims." <u>Hancock</u>, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)).  "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy."  <u>Id.</u>

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry.  For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.'  If the claimant is working, benefits are denied.  The second step determines if the claimant is 'severely' disabled.  If not, benefits are denied."  <u>Bennett v. Sullivan</u>, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at the first two steps, and if the claimant's impairment meets or equals a "listed impairment" at step three, "the claimant is disabled."  <u>Mastro</u>, 270 F.3d at 177.  Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment," then "the ALJ must assess the claimant's residual functional capacity ('RFC')."  <u>Id.</u> at 179.[4]  Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled.  <u>Id.</u>

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations."  <u>Hines</u>, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)).  The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)."  <u>Hall</u>, 658 F.2d at 265.  "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)."  <u>Hines</u>, 453 F.3d at 562-63.

at 179-80.  However, if the claimant establishes an inability to return to prior work, the analysis

proceeds to the fifth step, which "requires the [Government] to prove that a significant number

of jobs exist which the claimant could perform, despite the claimant's impairments." Hines, 453

F.3d at 563.  In making this determination, the ALJ must decide "whether the claimant is able

to perform other work considering both [the claimant's RFC] and [the claimant's] vocational

capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d

at 264-65.  If, at this step, the Government cannot carry its "evidentiary burden of proving that

[the claimant] remains able to work other jobs available in the community," the claimant

qualifies as disabled.  Hines, 453 F.3d at 567.[5]

## III.    DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful

activity" since his alleged onset date.  He therefore met his burden at step one of the sequential

evaluation process.  At step two, the ALJ further determined that Plaintiff suffered from the

following severe impairments: PTSD, bipolar II disorder, chronic headaches, unspecified

derangement of the knee, and right trigger finger. (Tr. at 12.)  The ALJ found at step three that

these impairments did not meet or equal a disability listing.  (Tr. at 15.)  Accordingly, he assessed

Plaintiff's RFC and determined that Plaintiff could perform a reduced range of light work with

both mental and postural limitations. (Tr. at 16.)  Although the ALJ determined at step four that

Plaintiff's RFC precluded him from performing his past relevant work, he concluded that

---

[5]    A claimant thus can qualify as disabled via two paths through the five-step sequential evaluation process.  The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five.

Plaintiff could perform other jobs available in the national economy and therefore was not disabled. (Tr. at 21-22.)

This action for judicial review has been brought by the Plaintiff *pro se*. This Court is required to construe such *pro se* pleadings liberally to allow for the development of a potentially meritorious claim. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Here, Plaintiff moves to overturn the ALJ's decision, contending that he "is unable to work and is 100% Disable[d] from the VA and unemployable." (Pl.'s Mot. [Doc. #15] at 1.) However, the available evidence in this case fails to substantiate Plaintiff's claim that the Veterans Administration has found him 100 percent disabled. Instead, both Plaintiff's hearing testimony and his medical records reflect that the VA issued him a 50 percent disability rating due to PTSD. (Tr. at 33-34, 598-600.) Although Plaintiff indicated at the hearing that his rating was being reviewed by the VA at that time (Tr. at 34), he has submitted no evidence of any subsequent VA decision. Without such evidence, his claim merits no further administrative review.

As provided at 20 C.F.R. § 404.1504 and further explained in Social Security Ruling ("SSR") 06-03p, "a determination made by another agency that [the claimant is] disabled or blind is not binding on" the Social Security Administration ("SSA"). Rather, "the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner." SSR 06-03p. However, as the administrative decision in this case correctly notes, an ALJ "must ordinarily give great weight to a VA determination of disability because of the marked similarity between these two federal disability programs." (Tr. at 20 (citing <u>McCartey v. Massanari</u>, 298 F.3d 1072 (9th Cir. 2002).) After the Commissioner's decision became final, the Fourth Circuit issued its decision in <u>Bird v. Commissioner of Social</u>

<u>Sec. Admin.</u>, 699 F.3d 337 (4th Cir. 2012), in which that court agreed with the Ninth Circuit's rationale in <u>McCartey</u>.  Significantly, the Fourth Circuit concluded that "in making a disability determination, the SSA must give <u>substantial weight</u> to a VA disability rating," and "an ALJ may give less weight to a VA disability rating when the record before the ALJ <u>clearly demonstrates</u> that such a deviation is appropriate."  <u>Bird</u>, 699 F.3d at 343  (emphasis added).

Here, in accordance with <u>Bird</u> and <u>McCartey</u>, the ALJ explicitly gave "great weight" to the VA's finding that Plaintiff was 50 percent disabled due to PTSD.  The decision then proceeded to explain that, under the VA's regulations, a veteran must have a service-connected disability of 60 percent or more resulting from one impairment, or 70 percent or more resulting from two impairments, in order to be deemed "unemployable" by that agency.  (Tr. at 20 (citing 38 C.F.R. § 4.16(a).)  Thus, by rating Plaintiff's disability at 50 percent, the VA found Plaintiff employable.  Because the record provided no clear reason to deviate from that finding, the ALJ likewise determined that Plaintiff was not disabled.  (Tr. at 20.)

The Commissioner, mindful of Plaintiff's *pro se* status, also addresses the opinion of Plaintiff's treating psychiatrist at the VA, Dr. H.C. Restar, the only physician to find Plaintiff unable to work.  (Def.'s Br. [Doc. #14] at 4-8.)  In May 2010, Dr. Restar opined that Plaintiff "is considered unemployable due to the severity and recurrency of his PTSD and bipolar disorder and his physical limitations of OSA, hypertension, trigger fingers, migraine headaches, DJD of the shoulders, and hypothyroidism."  (Tr. at 388.)  The ALJ, having given "great weight to the VA's disability determination," gave "less weight to Dr. Restar's opinion."  (Tr. at 20.)

Generally, an ALJ must give controlling weight to the well-supported opinion of a treating source as to the nature and severity of a claimant's impairment, based on the ability of treating sources to

> provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) [which] may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). However, if a treating source's opinion is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the case record," it is not entitled to controlling weight. Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5; 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see also Craig, 76 F.3d at 590; Mastro, 270 F.3d at 178. Instead, the opinion must be evaluated and weighed using all of the factors provided in 20 C.F.R. §§ 404.1527(c)(2)(i)-(c)(6) and 416.927(c)(2)(i)-(c)(6), including (1) the length of the treatment relationship, (2) the frequency of examination, (3) the nature and extent of the treatment relationship, (4) the supportability of the opinion, (5) the consistency of the opinion with the record, (6) whether the source is a specialist, and (7) any other factors that may support or contradict the opinion.

Where an ALJ declines to give controlling weight to a treating source opinion, he must "give good reasons in [his] . . . decision for the weight" assigned, taking the above factors into account. 20 C.F.R. § 404.1527(c)(2). "This requires the ALJ to provide sufficient explanation for 'meaningful review' by the courts." Thompson v. Colvin, No. 1:09CV278, 2014 WL 185218, at *5 (M.D.N.C. Jan. 15, 2014) (quotations omitted); see also SSR 96-2p (noting that the decision "must contain specific reasons for the weight given to the treating source's medical opinion,

supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight").

Moreover, even if an opinion by a treating physician is given controlling weight with respect to the nature and severity of a claimant's impairment, opinions by physicians regarding the ultimate issue of whether a plaintiff is disabled within the meaning of the Act are never accorded controlling weight because the decision on that issue is reserved for the Commissioner alone. 20 C.F.R. § 404.1527(d).

In the present case, the ALJ discussed his reasons for discounting Dr. Restar's opinion in great detail, first correctly noting that Dr. Restar's finding Plaintiff "unemployable" is not a medical opinion, but rather an administrative finding reserved for the Commissioner. (Tr. at 20.) The decision then explains that:

> Dr. Restar's opinion is inconsistent with the findings of the VA physicians who are trained in evaluating service-connected disability and with his own treatment records. Dr. Restar does not follow the claimant for his non-psychiatric conditions; thus, it appears that his opinion as it relates to those impairments is based solely on the claimant's subjective complaints. The same appears true with his opinion as it regard[s] the claimant's psychiatric conditions. As noted above, the claimant's elevated SIMS score suggests that his subjective complaints are exaggerated and therefore less reliable than the objective findings. Dr. Restar's treatment records do not show objective findings consistent with a finding of disability. I note that the claimant's appointments continue in intervals of three to four months, as they did prior to the alleged onset date. Further, Dr. Restar has not made any substantial changes to the claimant's medications or recommended any additional intervention. This suggests that the claimant's symptoms and impairment have not significantly changed or worsened from the level they were when the claimant was working.

(Tr. at 20-21.) In short, a review of the ALJ's decision reveals that he considered the factors set out in 20 C.F.R. § 404.1527 prior to assigning "less weight" to Dr. Restar's opinion. Based on

that consideration, the ALJ concluded that, as found by the VA and the State psychological consultants, symptoms of PTSD and bipolar disorder limit Plaintiff's ability to perform basic work activities, but do not preclude him from working entirely. (Tr. at 20-21, 55-57, 68-70.) Accordingly, substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be AFFIRMED, that Plaintiff's Motion for Judgment on the Pleadings [Doc. #15] be DENIED, that Defendant's Motion for Judgment on the Pleadings [Doc. #13] be GRANTED, and that this action be DISMISSED with prejudice.

This, the 9th day of February, 2015.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge